IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| COOPER INDUSTRIES, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:04CV00593 SWW |
| AUTOMOBILE CLUB INTER-INSURANCE EXCHANGE | * | |
| | * | |
| | * | |
| Defendant | * | |

**<u>ORDER</u>**

Plaintiff Cooper Industries, Inc., ("Cooper") brings this action for a declaratory judgment against Automobile Club Inter-Insurance Exchange ("AAA") to determine the allocation of liability for indemnity between insurers. After careful consideration, and for reasons that follow, the Court declines to exercise its discretion to entertain this action for declaratory relief. Accordingly, the case will be dismissed, without prejudice, and the pending motions for summary judgment will be denied as moot.

I.

On June 7, 2002, Terry L. Hudson, an employee of Cooper's subsidiary, Cooper Bussman, Inc., ("Cooper Bussman"), was involved in an automobile accident while driving a rental car in Van Buren County, Arkansas. Hudson rented the car to drive to a training seminar related to his employment.

On May 26, 2005, the driver and a passenger of another car involved in the accident, Ryan Larussa and Chantelle Larussa, filed suit against Hudson, seeking damages for injuries

1

they allegedly sustained in the accident. *See Larussa, et al. v. Hudson, et al.*, 4:05CV00808 GTE (E.D. Ark.).

At the time of the accident, Cooper had liability coverage under a commercial auto policy issued by Pacific Employers Insurance Company, and Hudson had liability coverage under a personal auto policy issued by AAA. The parties stipulate that Hudson qualifies as an insured under the Pacific Employers policy.

On June 22, 2004, almost one year before the Larussas filed suit against Hudson, Cooper commenced this action, pursuant to the Court's diversity jurisdiction and the Declaratory Judgment Act. By way of relief, Cooper asks the court to enter the following declaratory judgment:

> [T]hat the policy of insurance issued by AAA to Terry L. Hudson affords the primary liability coverage for the benefit of Terry L. Hudson with respect to the claims being asserted against him by Ryan Joseph Larussa and Chantelle Larussa; that any obligation on the part of Cooper Industries, Inc. to provide indemnity to Terry L. Hudson will arise only after exhaustion of the limits of the policy issued by AAA to Terry L. Hudson . . . .

Docket entry #1, ¶ 15.

II.

Cooper filed a motion for summary judgment, and AAA responded with a cross motion for summary judgment, seeking a declaration that its policy provides excess coverage only. The AAA policy contains an "other insurance" clause,[1] which reads as follows:

---

[1] Insurers use "other insurance" clauses in an attempt to limit their liability when multiple insurance policies cover the same loss. Generally, an "other insurance" clause fits one of three categories: (1) "pro-rata" clauses, which provide that the insurer will pay its share of the loss in the proportion its policy limits relate to the aggregate liability coverage available; (2) "excess" clauses, which provide that an insurer will pay the loss only after other available primary insurance is exhausted; and (3) "escape" clauses, which provide that an insurer is absolved of all

2

> If there is other applicable liability insurance, we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other insurance unless such vehicle is loaned to you by a person, firm, or corporation engaged in the business of selling, repairing or servicing motor vehicles and such vehicle is used by any covered person:
>
> 1. For demonstration purposes; or
>
> 2. As a temporary substitute for your covered auto which is out of normal use because of its breakdown, repair, servicing, or loss or destruction.

Docket entry #1, Ex. B, at 9.

Cooper contends that the AAA policy provides the primary liability coverage with respect to the Larussa's claims because the Pacific Employers policy does not qualify as "other insurance." The Pacific Employers policy carries a $1 million, per-accident deductible and a $1 million per-accident policy limit. According to Cooper, the $1 million deductible effectively reduces the $1 million policy limit to zero, rendering Cooper essentially self insured for the first $1 million of covered losses, per accident. Cooper notes that several jurisdictions have determined that self insurance does not amount to "other insurance" as contemplated under "other insurance"clauses.

AAA argues that Pacific Employers' policy qualifies as "other insurance" and provides $1 million of liability coverage in excess of the deductible amount. AAA notes that the policy states that Pacific Employers' obligation to pay damages applies to the "amount of damages in excess of the deductible." Docket entry #1, Ex. A, Endorsement #2. Additionally, the policy

---

liability if other coverage is available. *See* Douglas R. Richmond, *Issues and Problems in "Other Insurance," Multiple Insurance, and Self-Insurance*, 22 Pepp. L. Rev. 1373, 1381 (1995).

contains no provision that the deductible reduces the policy limits.

Cooper offers the affidavit of its Director of Risk Management, Nancy Mollers. Mollers states that the Pacific Employers policy "reflected Cooper's program covering auto liability risks for the first $1 million per accident during the period July 1, 2001 to July 1, 2002." Docket entry #17, Ex. A, ¶2. Mollers states, "Any amount payable above $1 million per accident would be the responsibility of an insurer which issued to Cooper Industries, Inc. an excess policy providing coverage for losses exceeding the $1 million limit of the Pacific Employers policy." *Id*.

AAA has provided a copy of the "excess policy" referred to in Mollers' affidavit. Docket entry #24, Ex. A. That policy lists the Pacific Employers policy in a schedule of "underlying insurance." The schedule lists the Pacific Employers policy limit as $1,000,000. A note at the bottom of the schedule states that all underlying policy limits include the deductible or SIR, indicating that the Pacific Employers policy provides $1 million of liability coverage above the deductible amount.[2]

III.

---

[2] The Pacific Employers policy also contains an "other insurance" clause, which reads as follows: "For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. Like AAA's "other insurance" clause, Pacific Employers' clause is an "excess" clause.

Neither party gives serious consideration to Pacific Employers' "other insurance" clause. However, if the Pacific Employers policy qualifies as "other insurance", the Pacific Employers "other insurance" clause is most important. Under state laws governing the interpretation of the AAA and Pacific Employers policies, when "excess" clauses conflict, they are deemed mutually repugnant and insurers must share liability based on the proportion that policy limit of each bears to the total insurance. *See National Indem. Co. v. Liberty Mut. Ins. Co*. 513 S.W.2d 461,470 (Mo. 1974); *Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exchange,* 444 S.W.2d 583, 589 -590 (Tex. 1969).

The Declaratory Judgement Act confers on federal courts substantial discretion to decide whether to declare the rights of litigants in a "case of actual controversy." *See* 28 U.S.C. § 2201(a). *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 2142 (1995).

In the course of reviewing the parties' motions for summary judgment, the Court developed serious doubts as to whether this case is ripe for adjudication. Accordingly, in an order dated June 6, 2005, the Court directed Cooper to submit a brief addressing whether a justiciable controversy exists in this case.

Cooper has responded, citing *United States Fid. & Guaranty Co. v. Pierson*, 97 F.2d 560 (8th Cir. 1940) and *Maryland Cas. Co. v. Texas Co.*, 114 F. 2d 952 (8th Cir. 1940). In those cases, the Eighth Circuit held that the lower courts erred in refusing to entertain jurisdiction in declaratory judgment actions brought by insurers prior to the entry of a judgment in underlying tort actions. However, in both cases, the insurers denied coverage and refused to provide the insured a defense in the pending tort actions. In both cases, the lines were clearly drawn, and a justiciable controversy existed. Here, neither the duty to defend nor coverage are at issue.

The Eighth Circuit has advised that "when an insured's liability has not yet been determined, a court should refrain from deciding which insurance company is liable for coverage, especially when coverage is admitted but they are arguing about which is the primary carrier and which is the excess carrier." *Century Indemnity Co. V. McGillacuty's Inc.*, 820 F.2d 269, 270 (1987)(affirming district court's dismissal of declaratory judgment action on the basis of discretionary jurisdiction); *see also Farmers Elevator Mutual Ins. Co. V. Carl J. Austad & Sons, Inc.*, 366 F.2d 555, 557 (8th Cir. 1966)(stating that the preferable practice in advancing the administration of justice is for one insurance company to assume responsibility by processing,

defending, and paying the claim or judgment, and then proceeding to litigate loss allocation among insurers).

In this case, the only dispute is: Who has the primary coverage? Any obligation to indemnify Hudson will arise if and when he is adjudged liable for the Larussa's alleged injuries. In the event that the Larussas prevail, the judgment amount, which cannot be estimated at this time, could affect the number of policies involved and the obligations of the respective insurers. It would be an injudicious use of resources to litigate the issue of inter-insurer loss allocation now, when important facts are unknown. Appropriate invocation of the Declaratory Judgment Act requires a concrete controversy susceptible to immediate and definitive determination of rights in an adversary proceeding, upon the facts alleged. *See Aetna Life Ins. Co. v. Haworth*, 57 S. Ct. 461, 464 (1937). Such is not the case here.

IT IS THEREFORE ordered that this case is DISMISSED WITHOUT PREJUDICE. The pending motions for summary judgment (docket entries #7, #12) are DENIED AS MOOT.

IT IS SO ORDERED THIS 29TH DAY OF July, 2005.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE